UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**LISA M. GREENE,**

        **Plaintiff,**

v.                                                          Case No:   6:16-cv-237-Orl-28GJK

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**

## REPORT AND RECOMMENDATION

Lisa M. Greene (the "Claimant"), appeals to the District Court from a final decision of the Commissioner of Social Security (the "Commissioner") denying her application for a period of Social Security Disability Insurance benefits. Doc. No. 1. Claimant seeks disability benefits for a closed period of disability from March 29, 2009, through April 5, 2011. R. 520. Claimant argues the Administrative Law Judge (the "ALJ") erred by: 1) failing to give adequate weight and consideration to Claimant's treating physician's opinion and failing to adequately consider the limitations outlined by the state agency physicians; and 2) relying on testimony from a vocational expert that was based on a hypothetical that did not adequately reflect Claimant's limitations. Doc. No. 21 at 15-21, 33-35. Claimant argues the matter should be reversed and remanded for further proceedings. Doc. No. 21 at 40. For the reasons set forth below, it is recommended that the Commissioner's final decision be **REVERSED** and these proceedings **REMANDED**.

**I.    PROCEDURAL HISTORY.**

On April 29, 2009, Claimant applied for Social Security Disability benefits under Title II of the Social Security Act. R. 117-21. On July 13, 2010, the ALJ found Claimant was not disabled.

R. 15-29. Claimant challenged the decision in this Court, and the Court reversed and remanded. R. 597-611. On October 1, 2015, the remand hearing was held, and on October 8, 2015, the ALJ again found Claimant not disabled. R. 517-39, 540-75. On February 11, 2016, Plaintiff filed this appeal. Doc. No. 1.

## II.     STANDARD OF REVIEW.

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g) (2010). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The Court must view the evidence as a whole, considering evidence that is favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560. The District Court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'" *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

## III.    ANALYSIS.

Claimant raises two issues on appeal: whether the ALJ failed to give adequate weight and consideration to Claimant's treating physician's opinion and the limitations outlined by the state

agency physicians; and whether the ALJ relied on testimony from a vocational expert that was based on a hypothetical that did not adequately reflect Claimant's limitations. Doc. No. 21 at 15-21, 33-35. The second issue depends on the Court accepting Claimant's argument regarding the weight given Claimant's treating physician's opinion, as Claimant argues that the hypothetical that the ALJ posed to the vocational expert did not accurately account for all of her limitations because the ALJ did not properly weigh her treating physician's opinion. Id. at 33-34.

A. Treating Physician

Claimant challenges the ALJ's decision to assign "little weight" to the opinion of her treating psychiatrist, Dr. Berns. Id. at 15-20. Weighing the opinions and findings of treating, examining, and non-examining physicians is an integral part of steps four and five of the ALJ's sequential evaluation process for determining disability.[1] In *Winschel v. Commissioner of Social Security*, the Eleventh Circuit held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. 631 F.3d 1176, 1178-79 (11th Cir. 2011) (citing 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2); *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987)).

Absent good cause, the opinion of a treating physician must be accorded substantial or considerable weight. *Lamb v. Bowen*, 847 F.2d 698, 703 (11th Cir. 1988). Good cause exists to give a treating physician's opinion less than substantial weight when the opinion is not bolstered

---

[1] See McDaniel v. Bowen, 800 F.2d 1026, 1030 (11th Cir. 1986), and 20 C.F.R. § 404.1520(a)(4) (2012), for a description of the five-step sequential process to determine whether a claimant is entitled to supplemental security income and disability insurance benefits.

by the evidence, the evidence supports a contrary finding, or the opinion is conclusory or inconsistent with the physician's medical records. *Johnson v. Barnhart*, 138 F. App'x 266, 270 (11th Cir. 2005) (quoting *Phillips*, 357 F.3d at 1240-41).

Dr. Berns began treating Claimant on April 21, 2009, until he discharged her from treatment in April 2011. R. 279, 731. On April 21, 2009, Dr. Berns stated that Claimant was unable to work. R. 270. On December 15, 2009, Dr. Berns opined that Claimant cannot maintain concentration, accept constructive criticism, or interact with the public and that she lacks stamina. R. 382. In his summary of Claimant's treatment, Dr. Berns wrote:

> Throughout her course of treatment I did not see her as being able to work and did feel that she was not able to handle the stress of working and which included maintaining stamina and concentration, interacting with others, tolerating the stress and criticism of coworkers and superiors and also felt she was not well enough to interact with the public on a daily basis.

R. 731. The ALJ gave Dr. Berns's opinion little weight and determined that Claimant had the residual functional capacity ("RFC") to perform light work with some limitations. R. 525, 531.

The ALJ listed five reasons for giving Dr. Berns's opinion little weight, saying that his opinion that Claimant was unable to work conflicted with the following: 1) Claimant's GAF[2] scores; 2) Claimant's reports of improvement with treatment and medication; 3) Claimant's reported activities of daily living and international travel; 4) Claimant's "testimony that she could have continued to perform her past relevant work if her job had not been eliminated[;] and" 5) Claimant's "subsequent ability to simply decide 'to get her act together' and return to work." R. 531.

The ALJ's first reason for giving Dr. Berns's opinion little weight is a departure from the law for the same reason that it was unavailing the first time Claimant's case was before this Court.

---

[2] "GAF" is an abbreviation for global assessment of functioning. R. 526-27.

As the Court stated in its Order reversing and remanding this case regarding the ALJ's reliance on Claimant's GAF score to give Dr. Berns's opinion only some weight:

> Courts in this district, however, recognize that GAF scores are of "questionable value in determining an individual's mental functional capacity." *See id.*; *Gasaway v. Astrue*, No. 8:06-CV-1869-T-TGW, 2008 WL 585113 at *4 (M.D. Fla. Mar. 3, 2008). Further, the Commissioner does not endorse GAF scores in social security disability cases because they have no "'direct correlation to the severity requirements of the mental disorders listings.'" *Wind v. Barnhart*, 133 F. Appx. 684, 692 n.5 (11th Cir. 2005) (internal citation omitted). Thus, the ALJ's reliance on a GAF score as a basis to discount a treating physician's opinion is circumspect. In any event, the ALJ does not articulate how the GAF score is inconsistent with Dr. Berns' opinions. Even if it was inconsistent, courts have determined that a GAF score is not a basis to discount a treating physician's opinion. *See Chavanu v. Astrue*, No. 3:11-cv-388-J-TEM, 2012 WL 4336205 at *4 (M.D. Fla. Sept. 21, 2012) (GAF score of 50-53 was neither inconsistent with, nor provided good cause to reject doctor's opinion); *Hill v. Astrue,* No. 1:09CV77-SRW, 2010 WL 3724502 at *12 (M.D. Ala. Sept. 14, 2010) (a GAF score standing alone insufficient to discount doctor's opinion).

R. 609-10. Again, the ALJ ascribed Dr. Berns's opinion diminished weight because his conclusion that Claimant could not work "is not consistent with the GAF scores noted by Dr. Berns or the claimant's most recent therapist (indicating only moderate impairment) . . . ." R. 531. The Commissioner argues that the ALJ indicated concern regarding the GAF scores, gave them limited weight, and said that they were considered to the extent that they were consistent with treatment notes indicating Claimant's depression was of moderate severity, which demonstrates that the ALJ complied with the Court's earlier decision by giving the scores equal weight to similar evidence or less weight than he had before. Doc. No. 21 at 29-30. This argument is unavailing because the ALJ clearly considered the scores and gave them enough weight to discount Dr. Berns's opinion, which is contrary to the law that a GAF score is not a basis to discount a treating physician's opinion. *See Chavanu v. Astrue*, No. 3:11-cv-388-J-TEM, 2012 WL 4336205 at *4 (M.D. Fla.

Sept. 21, 2012) (GAF score of 50-53 was neither inconsistent with nor provided good cause to reject doctor's opinion); *Hill* v. *Astrue,* No. 1:09CV77-SRW, 2010 WL 3724502 at *12 (M.D. Ala. Sept. 14, 2010) (a GAF score standing alone insufficient to discount doctor's opinion).

The ALJ's second and third reasons for assigning Dr. Berns's opinion little weight are conclusory. The ALJ does not explain how Claimant being unable to work is inconsistent with her reports of improvement with treatment and medication, her reported activities of daily living, or her international travel. R. 531. An ALJ's conclusory statements to the effect that an opinion is inconsistent with or not bolstered by the medical record are insufficient to show an ALJ's decision is supported by substantial evidence unless the ALJ articulates factual support for such a conclusion. *Poplardo v. Astrue*, No. 3:06-cv-1101-J-MCR, 2008 WL 68593 at *11 (M.D. Fla. Jan. 4, 2008) (failure to specifically articulate evidence contrary to treating doctor's opinion requires remand); *Paltan v. Comm'r of Soc. Sec.*, No. 6:07-cv-932-Orl-19DAB, 2008 WL 1848342 at *5 (M.D. Fla. Apr. 22, 2008) ("The ALJ's failure to explain how [the treating doctor's] opinion was 'inconsistent with the medical evidence' renders review impossible and remand is required."). The Eleventh Circuit stated that an ALJ's failure to "provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Cornelius v. Sullivan*, 936 F.2d 1143, 1145-46 (11th Cir. 1991). Thus, conclusory statements are insufficient to support an ALJ's decision.

Although the ALJ describes Claimant's daily activities in his decision, R. 524, he does not articulate how those activities conflict with Dr. Berns's opinion. The ALJ also does not articulate to what he is referring regarding Claimant's "reports of improvement with treatment and

medication."[3] R. 531. This case is substantially similar to *Rosario v. Commissioner of Social Security*, 877 F. Supp. 2d 1254, 1267 (M.D. Fla. 2012), in which the undersigned reversed the denial of benefits because the ALJ did not articulate good cause for affording some of the treating physicians' opinions less than controlling weight. In *Rosario*, the ALJ stated that he was affording the opinions less than controlling weight because the opinions were "'inconsistent with the evidence as a whole as set forth below.'" *Id.* The ALJ "set forth below" summaries of several doctors' physical examination findings, but the ALJ failed to "state with specificity how these physical examination findings are inconsistent with [the treating doctors'] RFC opinions. The conflict perceived by the ALJ was not articulated with specificity, and it would be improper for the Court to draw its own conclusions from the ALJ's summary of the evidence." *Id.* The ALJ's other reason for discounting the treating physicians' RFC opinions—that they were "inconsistent with [their] own examination records"—suffered from the same defect, as "[t]he ALJ did not support this reason with any record facts or otherwise attempt to explain how [the treating physicians'] RFC opinions are inconsistent with their medical records." *Id.* at 1267-68.

Furthermore, several of the activities identified by the ALJ are not necessarily the type that would preclude a finding of disability, to wit, showering, brushing teeth, spending time on the computer, going to get her hair and nails done once every three months, and watching television. R. 524. *See Lewis v. Callahan*, 125 F.3d 1436, 1441 (11th Cir. 1997) (noting that the claimant's successful completion of a six-minute treadmill exercise was not necessarily indicative of his ability to work, and the fact that he did housework and went fishing was not inconsistent with the limitations recommended by his treating physicians). For these reasons, the Court, without further

---

[3] One reason this case was first remanded was because the ALJ cited Dr. Berns's notes regarding Claimant's improvement on medication in giving his opinion some weight, but the Court pointed out that "Dr. Berns's treatment notes provide a conflicting picture about whether Claimant was improving." R. 608.

explanation from the ALJ, is unable to conduct a meaningful review of whether the activities he identified contradict Dr. Berns's opinion that Claimant was unable to work.

The fourth reason the ALJ gave for discounting Dr. Berns's opinion is that Claimant's inability to work is inconsistent with her "testimony that she could have continued to perform her past relevant work if her job had not been eliminated . . . ." R. 531. This is a misinterpretation of Claimant's testimony and disability history. Claimant stated that she would not have suffered the depression that caused her inability to work if she had not been laid off in the first instance. R. 42, 46. In the first hearing before the ALJ, Claimant testified that she stopped working because she was laid off, and that she would have been able to continue in that capacity had she not been laid off.[4] R. 42, 46. Claimant's testimony that she would have been able to continue working at her past job if it had not been eliminated is not inconsistent with Dr. Berns's opinion that she was unable to work, and this rationale for discounting Dr. Berns's opinion is not supported by substantial evidence.

The final reason given by the ALJ for affording Dr. Berns's opinion little weight is also not supported by substantial evidence. The ALJ said that Dr. Berns's opinion that Claimant could not work was inconsistent with Claimant's "subsequent ability to simply decide 'to get her act

---

[4] Claimant testified to the following at the first hearing:

> Q   I see. Okay. And then as far as the reduction in force goes, Ms. Greene, would you have been able to continue in that capacity had they not RIFFED you at that time?
> A   You mean keep my same job?
> Q   Right.
> A   Yes.
> Q   Okay. And at what point did you feel that your condition got so bad that you would not be able to return to any kind of employment?
> A   When they brought us into this room and told us that we were all being RIFFED and we wouldn't have a job. And I just walked out and made an appointment with my psychologist.

R. 46.

together' and return to work." R. 531. The ALJ is referring to Claimant's testimony, but that testimony is in response to the following question: "*since the last time you've seen Dr. Burns, April 5, 2011*, what happened to your mental health condition?" R. 556 (emphasis added). Claimant answered, "It started getting a little bit better. My mom got sick, so I had to get my act together -- I had to get my life together. So I started -- I got off the meds, I started going to church, I started praying and I started getting healthy again." R. 556. Claimant did not "simply decide" to get better, as the ALJ implies. Instead, she testified that she started to get a little bit better, stopped taking her medications, started going to church and praying, and got healthy again *after* April 5, 2011. R. 556. Claimant amended her disability period to end on April 5, 2011. R. 520. Thus, her testimony that after that date she was getting a little bit better is not inconsistent with her psychiatrist's opinion that she was unable to work from March 29, 2009, until April 5, 2011.

None of the ALJ's reasons for according Dr. Berns's opinion little weight are supported by substantial evidence or good cause. Thus, it is recommended that the Commissioner's decision be reversed. Claimant's second issue (that the hypothetical that the ALJ posed to the vocational expert did not accurately account for all of her limitations because the ALJ did not properly weigh Dr. Berns's opinion) depends upon a proper weighing of Dr. Berns's opinion, and therefore it is rendered moot by this recommendation.

B. State Agency Physicians

Claimant also argues that the ALJ erred because he did not indicate the weight he assigned to all of the non-examining state agency physicians' opinions. Doc. No. 21 at 21. The Commissioner counters that the ALJ incorporated by reference his previous analyses of the state agency doctors' opinions into his new hearing decision.[5] Doc. No. 21 at 31 n.15. The

---

[5] The Commissioner also points to the following sentence in the ALJ's first decision to support its argument that the ALJ incorporated his previous analysis into his most recent decision: "Substantial weight is being given to the most

Commissioner relies on the following statement in the ALJ's decision:

> The undersigned has reviewed the medical evidence that was previously summarized in the July 13, 2010 decision and finds that the decision contains an accurate synopsis of the evidence that was available at that time (Exhibits 7A and 1F-26F). Further, the undersigned notes that neither the Appeals Council nor the Federal Court identified any errors in that decision's summarization of the medical evidence (Exhibits 6A and 7A); therefore, the undersigned adopts and incorporates the prior summary into this decision.

R. 526. The July 13, 2010, decision does not state the weight the ALJ assigned to the non-examining state agency physician's opinions, specifically those of Dr. Davis and Dr. Wise. R. 15-29. Additionally, the ALJ's reliance on the Court not identifying any errors in the medical evidence summary in its Order remanding this case is misplaced. In the Order, the Court stated that the issue regarding the weight given Dr. Berns's opinion was dispositive, and therefore other arguments were not addressed. R. 610 n.9. One of those other arguments was the ALJ's alleged failure "to adequately consider the limitations outlined by the state agency physicians." Case No. 6:11-cv-1357-GJK, Doc. No. 19 at 9. Although the Court did not address this issue, its silence on the matter was not a stamp of approval. Also, on remand, the ALJ is required to reweigh all of the medical opinions. *See Correa v. Comm'r of Soc. Sec.*, No. 6:16-CV-90-ORL-31DCI, 2016 WL 7838904, at *7 (M.D. Fla. Dec. 28, 2016), *report and recommendation adopted*, No. 6:16-CV-90-ORL-31DCI, 2017 WL 176983 (M.D. Fla. Jan. 17, 2017) ("The ALJ, on remand, will be required to consider and reweigh all of the medical and opinion evidence . . . ." (citing *Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983)).

In *Vuxta v. Commissioner of Social Security*, 194 F. App'x 874, 877 (11th Cir. 2006), the Eleventh Circuit stated, "Since the ALJ did not give controlling weight to the opinion of a treating

---

recent State expert residual functional capacity and PRT evaluations, which reveal that the claimant can perform light exertional activity and has fewer mental limitations." Doc. No. 21 at 31 n.15; R. 26. This statement only refers to one "State expert," however, and there are at least two state agency physicians who rendered opinions. R. 329, 394.

physician, it was required to explain the weight given to the opinions of the non-examining state psychologists . . . ."[6] The court remanded for the ALJ to explain the weight given to the non-examining state psychologist's opinion because the ALJ's opinion did not mention that psychologist's assessment. *Id.*

Here, the ALJ did not give Dr. Berns's opinion controlling weight, and he was Claimant's treating psychiatrist. R. 279, 531, 731. Thus, the ALJ should have explained the weight he gave to Dr. Davis's and Dr. Wise's opinions. The Commissioner argues that the ALJ's residual functional capacity for Claimant incorporates Dr. Davis's actual RFC opinion. Doc. No. 21 at 31 n.15. The Commissioner also argues that the ALJ used the psychiatric review technique and concluded that Claimant had a severe mental impairment, just like the state agency doctors did. Id. The Commissioner concludes that the ALJ's decision is consistent with the state agency doctors' psychiatric review technique forms. Id.

The ALJ's consistency with the state agency doctors' opinions does not negate the requirement that the ALJ explain the weight he gave their opinions. As pointed out by Claimant, "since the ALJ does not indicate the weight he assigned to all of the state agency physicians, it is impossible to know how these opinions were factored into the residual functional capacity." Doc. No. 21 at 21. Due to this impossibility, it is recommended that the Court reverse and remand for the ALJ to explain the weight given the state agency physicians' opinions. *See Winschel*, 631 F.3d at 1179 (stating that it is impossible for reviewing court to determine whether ALJ's decision is rational and supported by substantial evidence without ALJ's statement regarding weight given to physician's judgment); *Barrios v. Colvin*, No. 14-24189-CIV-LENARD/GOODMAN, 2016 WL 3964815, at *5 (S.D. Fla. Mar. 18, 2016) ("even if the evidence appears to support the ALJ's

---

[6] In this circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

conclusion, errors implicating the weight of the evidence cannot be harmless because the Court cannot make that determination without 're-weighing the evidence and engaging in conjecture that invades the province of the ALJ.'" (quoting *Robinson v. Astrue*, No. 3:11-CV-3102-RDP, 2012 WL 4344547, at *8 (N.D. Ala. Sept. 13, 2012)).[7]

## IV. CONCLUSION.

For the reasons stated above, it is **RECOMMENDED** that:

1. The final decision of the Commissioner be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g); and

2. The Clerk be directed to enter judgment for Claimant and close the case.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**DONE** and **ORDERED** in Orlando, Florida, on February 9, 2017.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies to:

Shea A. Fugate, Esq.
Law Offices of Shea A. Fugate
P.O. Box 940989
Maitland, FL 32794

A. Lee Bentley, III
United States Attorney

---

[7] As stated *supra*, on remand, the ALJ is required to reweigh all of the medical opinions. *See Correa v. Comm'r of Soc. Sec.*, No. 6:16-CV-90-ORL-31DCI, 2016 WL 7838904, at *7 (M.D. Fla. Dec. 28, 2016), *report and recommendation adopted*, No. 6:16-CV-90-ORL-31DCI, 2017 WL 176983 (M.D. Fla. Jan. 17, 2017) ("The ALJ, on remand, will be required to consider and reweigh all of the medical and opinion evidence . . . ." (citing *Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983)).

John F. Rudy, III
Assistant United States Attorney
Suite 3200
400 N. Tampa St.
Tampa, FL 33602

Mary Ann Sloan, Regional Chief Counsel
Jerome Albanese, Acting Regional Deputy Chief Counsel
Arthurice Brundidge, Assistant Regional Counsel
Social Security Administration
Office of the General Counsel, Region IV
Atlanta Federal Center
61 Forsyth Street, S.W., Suite 20T45
Atlanta, Georgia 30303-8920

The Honorable Robert Droker
Administrative Law Judge
c/o Office of Disability Adjudication and Review
SSA ODAR Hearing Ofc
De Soto Building, Suite 400
8880 Freedom Xing Trl
Jacksonville, FL 32256-1224